UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

FILED

2009 DEC 18 A 11:48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

# CIVIL RIGHTS COMPLAINT FORM

3:09-cv-1249-J-25JRK

Michael Antwon Howard *X13370
Plantiff

v.

Jacquez Memnon
Lt. Newell (Lieutenant)
Sergeant Crosby
Doctor Trevino
Nurse Greene
Nurse Payne
Mr. Davis
James John
Joseph Allen
Doctor J. Aviles
Defendants

CASE NUMBER*

Each defendant is being sued in their individual capacities. At all times mentioned in this complaint each defendant acted under color of state law

Request Trial by Jury

## JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the U.S. The court has jurisdiction under 28 U.S.C Section 1331 and 1343 (a)(3). Plantiff seeks declaratory relief Judgement. and Compensatory and Punitive damages as relief.

2. The United states District Court, Middle District of Florida Jacksonville Division is an appropriate venue under 28.U.S.C 1391 (b)(2) because it is where the events giving rise to this claim(s) occurred

I. Place of Present Confinement: Union Correctional Institution 7819 N.W. 228th Street, Raiford, Florida 32026

II. Yes My complaint concerns events in a state prison facility within the Florida Department of Corrections.

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

3. Were you denied emergency status? Yes (✓) No ( )

   a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No (✓)

   b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes (✓) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes (✓) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 15th day of December, 2009.

Michael L. Howard X13370
Signature of Plaintiff

III. DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C. If your answer is YES:

1. What steps did you take? ______________________

______________________

2. What were the results? ______________________

______________________

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: ______________________

______________________

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 15th day of December, 2009.

[signature] X13770
Signature of Plaintiff

IV. PREVIOUS LAWSUITS:

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

Plaintiff(s): Michael A. Howard X13370

Defendant(s): STATE of Florida

2. Court (if federal court, name the district; if state court, name the county): George C. Young U.S. Courthouse, Orange County / Orlando Division

3. Docket Number: ?

4. Name of judge: ?

5. Briefly describe the facts and basis of the lawsuit: Challenge Conviction Case 04-256 / Habeaus Corpus

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Case dismissed due to not timely filing proper form

7. Approximate filing date: on or near Janurary 20th, 2008

8. Approximate disposition date: on or near Feburary 20th 2008

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

V. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Michael Antwon Howard

Mailing address: 7819 N.W. 228th street Raiford, Fl 32026
Union Correctional Institution

B. Additional Plaintiffs: ______

In part C of this section, indicate the full name of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Jacquez Memnon

Mailing Address: 7819 N.W. 228th street Raiford, Florida 32026

Position: Correction Officer

Employed at: Union Correctional Institution

D. Defendant: James Johns

Mailing Address: 7819 N.W. 228th street Raiford, Florida 32026

Position: Classification Officer

Employed at: Union Correctional Institution

E. Defendant: Joseph Allen

Mailing Address: 7819 N.W. 228th street Raiford, Florida 32026

Position: Lieutenant officer

Employed at: Union Correctional Institution

F. Defendant: Sgt. Crosby

Mailing Address: 7819 N.W. 228th street Raiford, Florida 32026

Position: Sergeant officer

Employed at: Union Collectional Institution

G. Defendant: Lt. Newell

Mailing Address: 7819 N.W. 228th street Raiford, Florida 32026

Position: Lieutenant officer

Employed at: Union Correctional Institution

V. PARTIES: At all times mentioned in this compliant each defendant acted under color of state law

H. Defendant: Dr. J. Aviles
Mailing Address: 7819 N.W. 228th street Raiford, Florida 32026
Position: Head Medical Doctor
Employed at: Union Correctional Institution

I. Defendant: Mr. Davis
Mailing Address: 7819 N.W. 228th street Raiford, Florida 32026
Position: Classification Supervisor
Employed at: Union Correctional Institution

J. Defendant: Dr. Trevino
Mailing Address: 7819 N.W. 228th street Raiford, Fl 32026
Position: Physican
Employed at: Union Correctional Institution

K. Defendant: Nurse Payne
Mailing Address: ?
Position: R/N (Reg. Nurse)
Employed at: ?

L. Defendant: Nurse Greene
Mailing Address: ?
Position: Nurse
Employed at: CMS Agency

## VI. STATEMENT OF CLAIMS: At all times mentioned in this compliant each defendant acted under the color of state law

Violation Cruel and Unusual punishment (Falsifing Reports) 8th and 14th Amendment U.S.C.A

Violation Cruel and Unusual punishment. (Deliberate Indifference) 8th and 14th Amendment U.S.C.A

Violation Cruel and Unusual punishment. (unjustified excessive force.) 8th and 14th Amendment U.S.C.A.

Violation Cruel and Unusual punishment (unjustified excessive force by administration of involuntary medication) 8th and 14th Amendment U.S.C.A.

Violation Cruel and Unusual punishment (Deliberate Medical Indiffrence) 8th and 14th Amendment U.S.C A

Violation Due process (Imposing Unconstitutional procedures prior and in disciplinary hearing) 14th Amendment. U.S.C.A

Defendants violations' Against Plantiff

(Officer J. Memnon, Nurse Payne Falsifing Reports)

(Lt. Newell Deliberate indifference by failing to protect from unjustified force and involuntary Meds.

(Sgt. Crosby Unjustified excessive force by Assualt)

(Dr. Trevino, Nurse Greene Unjustified excessive force by administration of involuntary Medication)

(Dr. J. Aviles Deliberate Medical indifference by failing to address serious medical needs

(J. Allen, J. Johns Imposing unconstitutional procedures in disciplinary hearing)

(Mr. Davis Imposing Unconstitutional procedures prior disciplinary hearing.)

# VI. STATEMENT OF CLAIMS:

Defendant J. Memnon deprived plantiff his rights secured under U.S. Constition and federal laws and deprivation occurred under color of state law on 2-24-08 for Falsifing reports accusing plantiff of possesion of a knife with malicious and sadistic intent to injure plantiff resulting in bodily and mental harm for the past, present, and future which constitues cruel and unusual punishment in violation of the 8th and 14th amendment U.S. constitution also Florida statues 944.35, 768.28 and Florida D.O.C own rules Chapter 33-208.002 (12). Also see (Exhibits 1, 2, 3, 4 attached in appendix in support of plantiff' claim)

Defendant Lt. Newell deprived plantiff his rights secured under U.S. Constitution and federal laws and deprivation occurred under of state law on 2-24-08 for "Delibrate Indifference" by failing to protect plantiff from unjustified excessive use of force 1. executed force that wasn't a last resort or justified. which had other alternatives by affording plantiff the chance to come out his cell in the presence of the camera 2. By failing to intervene in the assualts the extraction team carried out against the plantiff. 3. By collaborating with medical staff to give plantiff an E.T.O of involuntary medication as punishment. these acts were maliciously and sadistically enforced against the plantiff which result in permanent damage to plantiffs right index finger, severe back pains and spasms which could result in further damage in the future as plantiff placed no threats of harm to himself or security or other staff on 2-24-08. The physical And Mental harm the plantiff suffered by the defendants constitues cruel and unusual punishment in violation of the 8th and 14th amendment U.S. constitution also Florida statues 944.35. 768.28 and Florida. D.O.C own rules Chapter 33-208.002 (8) Ch 33.208.003 (24) Chapter 33.602.210 (1, 4, 12, 21) (see Exhibits 4, 5, 6, 7, 8, 10, 11 attached in appendix in support of plantiff' claim)

# VI STATEMENT OF CLAIMS:

Defendant Nurse Greene deprived plantiff his rights secured under U.S. Constitution and federal laws and deprivation occurred under color of state law on 2-24-08 for unjustified use of excessive ■ by administration of involuntary medication against plantiff injecting him by needle with psych drugs Benadryl and Haldol both meds not prescribe by Plantiff's treatment plan T.C.U., with out his concent, or without notice prior to injection, This action was ■ done (during Post use of force ■ Exam) maliciously, sadistically, with gross negligence in means to punish the Plantiff which constitutes cruel and unusual punishment in violation of the 8th and 14th amendment U.S. constitution also Florida Statues 944.35, 768.28 and Florida D.O.C own rules Chapter 33.208.002(8) Ch 33-208.003 (24) (see Exhibits 5, 6, attached in appendix in support of plantiff's claim)

Defendant Dr. Trevino deprived plantiff his rights secured under U.S. Constitution and federal laws and deprivation occurred under color of state law on 2-24-08 for authorizing unjustified excessive use of force by administration of involuntary medication against plantiff the incident which is the result of this complaint was not an emergency on date mentioned above, the plantiff did not try to harm himself or (in T.C.U) anyone else which is by D.O.C policy the only situation where an physican can authorize force this action was done maliciously, sadistically, with bad faith in means to punish the plantiff which constitutes cruel and unusual punishment in violation of the 8th and 14th amendment U.S. Constitution also Florida Statues 944.35, 768.28 and Florida D.O.C own rules Ch 33.208.002 (8), Ch 33-208 003.(24) Ch 33.602.210 (1,4,12) Ch 33-404.107(3) (also see Exhibits 2,5,6,7,11 attached in appendix in support of plantiffs claim.)

# VI STATEMENT OF CLAIMS:

Defendant Sgt. Crosby deprived plantiff his right secured under U.S. Constitution and federal laws and deprivation occurred under color of state law on 2-24-08 for unjustified excessive use of force by maliciously and sadistically intentionally pulling plantiff' right index all the way back out of it's joint in executing use of force as a member of the extraction team when plantiff was fully restrainted posing no threat to himself or extraction team resulting in permanant damage to plantiff' right index finger (swollen, barely ledgeable handwriting) this act constitues cruel and unusual punishment in violation of the 8th and 14th amendment U.S. Constitution also Florida Statues 944.35, 768.28 and Florida. D.O.C own rules chapter 33.208.002 (8), Ch 33.208.003 (24) Ch 33.602.210 (1, 4., 21) (see Exhibits 5, 6, 8, 10 Attached in appendix in support of plantiff's claim)

Defendant Nurse Payne deprived plantiff his rights secured under U.S. Constitution and federal laws and deprivation occurred under color of state law on 2-24-08 for falsifing reports to unjustified exessive force by administration of involuntary medication signing a Physican order sheet stating Plantiff [redacted] was severe agsitation, hostile physically to security and medical staff Brandish a homemade Knife in my cell so Plantiff could recieve an E.T.O injection of Haldol and Benodryl without his concent. after being accused by officer J. Mennon that plantiff showed him a knife, then [redacted] cell extracted from his cell. At no time prior these events was plantiff seen or evaluated by medical staff or Mental health. This act was done maliciously and sadistically in means to punish Plantiff which constitutes cruel and unusual punishment in violation of the 8th and 14th Amendment U.S. constitution also Florida statues 944.35, 768.28 and Florida D.O.C own rules Chapter 33-208.002 (12), Ch 33-208.002 (8) (also see Exhibits 7, 9, 2, 11, 12, 5, 6 attached in appendix in support of plantiff's claim)

# VI STATEMENT OF CLAIMS:

Defendant Mr. Davis deprived plantiff his rights secured under U.S. Constitution and federal laws and deprivation occurred under color of state law as he failed to protect plantiff's due process rights by forwarding falsified reports to institutional disciplinary team for a hearing on or in between 2-24-08 - 3-28-08 this act was done maliciously sadistically, and culpably with intent to deprive plantiff his rights and to collaborate with security staff to justify their wrongful and cruel abuse against plantiff on 2-24-08. The report Officer J. Memnon wrote contain several errors and inconsistant allegation with no evidence in support that plantiff possed a knife which were discoverable. Had Mr. Davis reviewed the reports written on 2-24-08 thoroughly and fairly to uphold due process. and failing to intentionally do so violates due process under the 14th amendment and Florida statues 825.102 (1)(a),(2)(b) as well as Florida D.O.C own rules Chapter 33-601.302(5) Ch 33-208.001. (also see Exhibits 1,2,3,4 attached in appendix in support of plantiffs claim)

Defendant Lt. Allen deprived plantiff his rights secured under U.S. Constitution and federal laws and deprivation occurred under color of state law on 3-28-08 for imposing unconstitutional procedures in findings of guilty in disciplinary hearing of report possesion of a weapon written by Officer J. Memnon on 2-24-08. As a team member Lt. Allen found plantiff guilty based on section 1 of the report consider as a testimony which wasn't written under oath without reason why Officer Memnon was believed in light of the facts that no witnesses or other evidence support his claim and the time the report was written plantiff' cell hadn't been searched yet which was also pointed out during hearing the findings of guilty was in bad faith, biasly and culpably in disregard to all rules and procedures where plantiff lost 60 days gain time and suffered 60 days disciplinary confinement. This action violated due process of the 14th amendment U.S constitution also Article 1 section 9 of the Florida Constitution and Florida Statues 825.102 (2)(a) and Florida D.O.C own rules Chapter 33.601 308 (also see Exhibits 1,2,3,4 attached in appendix in support of plantiff' claim.)

# VI STATEMENT OF CLAIMS:

Defendant James John deprived plantiff his rights secured under U.S. Constitution and federal laws and deprivation occurred under of state law on 3-28-08 for imposing unconstitutional procedures in findings of guilty in disciplinary hearing of report possesion of a weapon written by Officer J. Memnon on 2-24-08. As team chairman James John found plantiff guilty based on section I on the report considered as a testimony which wasn't written under oath, without reason why Officer Memnon was believed in light of the facts that no witnesses or other evidence supported his claim and the time the report was written plantiff's cell hadn't been searched yet which was also pointed out during hearing the findings of guilty was made in bad faith, biasly and culpably in disregard to all rules and procedures where plantiff lost 60 day gain time and suffered 60 days disciplinary confinement. This finding by team violated due process of the 14th amendment U.S Constitution also Article I section 9 of the Florida Constitution and Florida statues 825.102 (2)(B) and Florida D.O.C own rules Chapter 33.601.308 (also see Exhibits 1,2,3,4 attached in appendix in support of plantiff's claim.)

Defendant J. Aviles deprived plantiff his rights secured under U.S Constitution and federal laws and deprivation occurred under color of state law for Deliberate Medical Indifference on 2-24-08 plantiff was assualted by an extraction team after being cell extracted where he substain injuries to his Mid-Back and right index finger during the weeks and months to follow plantiff began suffering back pains, headaches, etc which he address by signing up for institution sick-call where he was given Ibprofien on 2 occasions but no other service was rendered each time plantiff paid sick-call fee. the pain and suffering continued. Plantiff filed inmate grievance s addressing his concerns for treatment demonstrating the sick nurses were failing to address his issue properly without looking into proper records. J. Aviles still refused Plantiff in denial of his complaint. these decision were made in bad faith, gross negligence, culpably violating cruel and unusual punishment which could result in further damage in the future U.S. Constitution 14th amend and 8th also Florid statues 825.102 (1)(A) and Florida Doc rule Ch. 33-208.002 (8) (also see Exhibits 1-14)

VI STATEMENT OF CLAIMS:

The defendants named in this complaint actions violated plaintiff's rights to equal protection and due process in violation of the U.S. Constitution 8th and 14th amendment for falsifing report's, unjustified excessive force, involuntary administration of Medication, deliberat indifference, Deliberate Medical Indifference, and imposing unconstitutional procedures in findings of guilty in disciplinary hearing and prior to hearing. Culpably, gross neglisence, sadistically, and Maliciously with disregard to all rules laws, and policies with intent to cause plaintiff mental and physical harm and means cover up fellow co-workers failure to up hold fairness. Each defendant's actions were well outside their individual employment assignment also in violation of state laws and their Florida Department of Correction employer policies.

VII.

# STATEMENT OF THE CASE AND FACTS

① On 2-24-08 near 5pm (4pm to 12am shift) while housed in Union Correctional Institution Transitional Care Unit classified S3 grade for severe depression U-Dorm Quad 2 room 2101. Plantiff approached his his celldoor to recieve his evening meal tray as Officer J. Memnon was conducting feeding for evening meal, he approached plantiff's cell door and stated "I don't know why your snitching ass standing at the door you ain't eating tonight snitching bitch." and denied plantiff his evening meal by refusing to open his tray flap. Officer Memnon then continued to feed evening meal then exited the quad and began falsifing his report that plantiff showed him a homemade knife. Nearly an hour later Lt. Newell Officer in charge for U-Dorm on this date above approached plantiff' cell 2101 and stated "cuff up this is your only chance" without confirming to plantiff he was being accused of possesion of a weapon and his cell needed to be searched. For fear of his life plantiff refused after witnessing numerous inmates being brutally assualted in full restraints by same officers on duty in U-Dorm this night by tricking inmates out of there cells for unjustified reasons. Lt. Newell then exited the quad and returned moments later with a cell extraction team made of 5 officers in protecting pads, helmets, and huge hard Plastic shield and video handheld camera recorder held by a female officer At this time plantiff came to his cell door willingly to cuff up in the security and presence of video camera which he wasn't given an opprotunity. Lt Newell then ordered U-Dorm control room to roll (open) Quad 2 room 2101 Plantiff then quickly laid down on his stomach with his hands behind his back "totally submitting" to the cell extraction team without any form of resistance as the extraction team entered his cell Lt. Newell then stepped in front of the video recorder as the extraction team began assualting the plantiff he felt something being slammed into his back repeatedly as his back made cracking sound and ached in pain while the extraction teamed yelled "stop resisting". Leg irons and handcuffs was placed on plantiff then Seargant Crosby (a member of the extraction team) grabbed plantiffs right index finger and pulled it all the way back removing it from joint which began to swell instantly as plantiff screamed in further pain and began to cry he then was picked up and escorted to U-Dorm medical room by extraction team, Lt Newell,

and video camera without being assest by anyone from mental health or by medical staff prior use of force. Once inside medical room the extraction team began cutting plantiff's clothing off his body until he was completely nude then CMS agency Nurse Greene gave plantiff an involuntary medication by needle E.T.O enjection in plantiff's rear of Haldol and Benadryl without his concent or affording him a chance to refuse (neither is Haldol medication prescribed by psychiatrist in Plantiff TCU Treatment plan.) assisted by Nurse Payne. Nurse Greene then examined Plantiff for injuries. and replaced his finger back in its joint. A small shrout was placed around plantiff waist and he was escorted back to his cell U-Dorm Quad 2 2101 which was stripped of all his property and sleeping mattress where he suffered from back pains, headache, sustain in cell extraction plus watery bowels, feelings of death, vomit, discomfort and mental anguish and stress from E.T.O enjection.

(2) Early the next mourning 2-25-08 when mental health staff was available plantiff declared a psychological emergency in fear of further cruel and unusual punishment and was rehoused in T-Dorm Union C.I.

(3) On or near 3-10-08 plantiff filed emergency grievance to address excessive forced used on him by security and medical staff on 2-24-08 (No response was returned or investigation by inspector region or institution conducted regarding issue)

(4) On 3-18-08 Plantiff was delivered 3 disciplinary reports for violations of institutional rules Possesion of weapon written by Officer J. Memnon, Disobeying Verbal Order written by Lt. Newell and Destruction of State Property written by Officer Hill During investigation upon delivery of these reports plantiff requested U-Dorm security camera for Quad 2 17pm - 19pm for 2-24-08 and use of force video tape recorder for 2-24-08 as evidence to show no knife was found in his cell or photograph in his cell by any officer and that his mattress was in one peice and in normal condition when he was cell extracted to prove reports were falsified. These disciplinary reports were forwarded to Union C.I. classification supervisor Mr. Davis for review of due process accordance then fowarded to institutional disciplinary team James John (chairman) and Lt. Joseph Allen (team member) without fair and impartial review.

(5) Hearing held 3-28-08 plantiff was found guilty to all 3 reports stated above without team stating enumerated specific facts or sufficient evidence relied on in teams judgement.

(6) On 4-8-08 plantiff filed appeals to challenge findings of written reports at institution level. the warden at time Ms. Hicks denied appeals 0804-213-081 and 0804-213-083 disobeying verbal order and

destruction of state property but over turned and approved appeal for possesion of weapon 0804-213-082. In the months following 2-24-08 to the present plantiff has been suffering from headaches back pains / spasms, mental stress discomfort barely ledgeable handwriting and swelling from injuries sustained in forced used on 2-24-08. Plantiff filed numerous sickcalls regarding his injuries which he was denied all therapy, or X-rays, prescribed medication for pain or examination by an specialist. Ibprofen was given to the plantiff for headaches but no further treatment was provided despite fact plantiff was charge $4.00 (four dollars) institutional sickcall fee. Plantiff filed several grievances at institution level (and Central office addressing) his continueous injuries pain and discomfort by inadequate medical treatment to U.C.I.

(7) Chief Doctor J. Aviles who denied all treatment On 5-12-09 after filing another grievance for inadequate medical treatment. Plantiff was seen by institution doctor Nazareno and he concluded theres nothing he could do for plantiff still swollen finger which he can't bend completely (right index) and that swelling was permanent, no physical therapy or specialtist review or further treatment but finally ordered X-rays of plantiff's back

(8) On 5-15-09 Plantiff was escorted to R-dorm Union C.I. medical unit for X-rays where X-rays were taken of his lower back X-ray taker affirmed order for lower back after plantiff address to her his issue was of mid-back (X-ray taker Name unknown)

(9) On 5-16-09 Plantiff filed another grievance addressing inadequate medical treatment by Dr. Nazareno failing to look to proper records to show that plantiff injury was to his mid-back on 2-24-08 not lower back again Dr. J. Aviles denied grievance and refused to provide treatment when error of order was apparent in records forcing plantiff to continue to live in pain, discomfort suffering and mental stress with the possibility of suffering further damage in the future. In the months of April and May 09 plantiff filed request and grievances requesting all information, reports, documents, full names of extraction team on 2-24-08, mental health assesment, investigation reports, Nurses full name involved in force used on 2-24-08 and why no response were returned to his emergency grievance and address through grievance procedure why his grievances are being destroyed and unreturned. Plantiff then sought means to bring 1983 against defendants named in this complaint.

# VIII RELIEF REQUESTED

1. The Plantiff requests this Honorable Court to make an Declaratory Judgement stating" that the mental and physical abuse the Plantiff suffered was in results by all defendants named in this Complaint who culpably violated Plantiff's rights secured under the United States Constitution of America".

2. Award Monetary damages of a total amount of $2.5 million dollars for the plantiff' Mental anguish, distress, emotional stress, pain and suffering, physical discomfort, injury to health in past, present, and future with each defendant to pay. to the Plantiff

1. Joseph Allen to pay $75,000 compenstatory damages and $75,000 Punitive damages
2. Jacquez Memnon to pay $250,000 Compensatory and $250,000 Punitive damages
3. Lt. Newell to pay $100,000 Compenstatory and $100,000 Punitive damages
4. Nurse Payne to pay $75,000 Compenstatory and $75,000 Punitive damages
5. Nurse Greene to pay $75,000 Compenstatory and $75,000 Punitive damages
6. Mr. Davis to pay $100,000 Compenstatory and $100,000 Punitive damages
7. Dr. Trevino to pay $100,000 Compenstatory and $100,000 Punitive damages
8. Sgt. Crosby to pay $150,000 Compenstatory and $150,000 Punitive damages
9. James John to pay $75,000 Compenstatory and $75,000 Punitive damages
10. Dr. J. Aviles to pay $250,000 Compenstatory and $250,000 Punitive damages

3. Waive all fee's for court orders, copies, examinations by experts, or any other imposeable fee's during each phase of this complaint in good faith without prejudice on behalf of Plantiff'. unemployment and no income. and Transitional Care Unit status under A.D.A.

# VIII RELIEF REQUESTED

4. Grant any and all relief necessary in the interest in justice

5. Order an immediate impartial Settlement Conference with the plantiff present at Conference prior to trial.

*Notes: 1. Exhaust of Remedies attached to this compliant. Grievances - 0906-213-256, 0804-213-082, 0906-213-272, 09-6-15918, 09-6-20256, 09-6-25465, 0907-213-200, 0904-213-333, 0904-213-238, 0808-213-182, 08-6-15034, 09-6-25468, Inmate request form 04-09-387, and written report and report worksheet 213-080461. and Exhibits 1-14.

2. I am able to pay filing fee for this compliant from my Trust fund Account. I authorized the correct amount filing fee be withdrawn from my account my last recieved Trust fund Account statement is attached to this compliant to verify I'm able to pay filing fee. Also attached special withdrawl receipt authorizing payment of filing fee of this compliant at institution level.

3. Plantiff fear retaliation by destruction of his personal property by officials to prevent him from participating in the filing of his complaint see grievance Log #10-09-200 Attached

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Signed this 15th day of December, 2009

[signature] X13370